JARY v. SUTTON

(May 25, 1931. Opinion and Decree.)

Gerald Netter, of New Orleans, attorney for plaintiff, appellant.

A. D. Danziger and P. H. Stern, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. Plaintiff claims damages for personal injuries said to have resulted from an assault by the defendant, who seized a hat box out of her hand, shoved her, and bent the third finger of her right hand backward, injuring and spraining it.

Defendant admitted the altercation, but denied liability, averring that plaintiff raised a hat pedestal with which she

threatened to strike him and that, in order to protect himself, he seized it and took it from her.

There was judgment in favor of the defendant dismissing the suit and plaintiff has appealed.

Plaintiff, an unmarried woman of forty years of age and weighing 163 pounds, was in charge of the millinery department of her employer in a building where the defendant also conducted his business of selling women's apparel.

It appears that the party from whom the plaintiff's employer had sub-leased a portion of the building had gone into bankruptcy and that the defendant claimed to have acquired the lease through the bankruptcy proceedings. The plaintiff's employer owed several hundred dollars in rent and on the day in question the plaintiff received a telegram instructing her to move out of the building into another place. She showed the telegram to the defendant, who told her that she could not move because he had a lessor's lien and privilege on the merchandise in her millinery department for the unpaid rent. She insisted on carrying out her employer's instructions and defendant then telephoned an attorney, who advised and instructed him not to permit her to take the merchandise out. Both parties were determined to carry out their individual instructions. As fast as the plaintiff would take the hats from the shelf and place them in the box defendant would take them out of the box and place them back on the shelf. As a result of this an altercation arose.

Plaintiff and her witnesses testify that she ordered the defendant to leave her department, as he had nothing to do with her business; that he refused to do so and, in attempting to grab and wrest one of the hat boxes from her hands, shoved her and caught her right third finger and bent it back, severely spraining it.

The version of the defendant and his witnesses is that when he attempted to place the hats back on the shelves the plaintiff grabbed a hat pedestal about three or four feet long and threatened to strike him; that defendant, believing he was about to be struck, grabbed the pedestal and wrested it from her grasp.

The evidence of both sides is in accord to the effect that then a conference was arranged between the attorneys for both parties, in which the question of whether the merchandise should be removed was adjusted.

The evidence is hopelessly in conflict and irreconcilable on the issue of justification, or self-defense, plaintiff and her witnesses asserting that she did not raise the pedestal in a threatening attitude and defendant and his witnesses stating that she did.

The case involves only a question of fact. We find nothing in the record that would justify us in saying that the judgment of our learned brother below is erroneous. In instances of this kind we have repeatedly held that where only issues of fact are involved the appellate court will affirm the judgment, unless it is clearly and manifestly erroneous. In the case of Shnaider v. Graffagnini, 154 La. 363, 97 So. 491, the Supreme Court of this state said:

"The conclusions of the trial judge with respect to the credibility of the witnesses and the weight to be given their testimony are entitled to great weight."

For the reasons assigned the judgment appealed from is affirmed.